**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

July 14, 2022

Richard P. Rollo, Esq.
Kevin M. Gallagher, Esq.
Travis S. Hunter, Esq.
Nicole M. Henry, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Ms. Laura Tyler Perryman
1521 Alton Rd., Suite 417
Miami Beach, FL 33139

RE:  *Stimwave Technologies Incorporated v. Laura Tyler
Perryman, et al.*, C.A. No. 2019-1003-SG

Dear Counsel and Ms. Perryman:

This matter at its inception involved in part the Plaintiff's motion for a

Temporary Restraining Order.[1]  A hearing on that motion was scheduled for

December 19, 2019.[2]  The need for the hearing was obviated by the Defendants,

including Laura Perryman, consenting to entry of a Status Quo Order,[3] which (as

amended)[4] continues to govern this matter.  The Status Quo Order (the "Order") is

---

[1] *See* Mot. for TRO, Dkt. No. 3.
[2] *See* Letter to Counsel and Litigants – TRO Hr'g Scheduled, Dkt. No. 11.
[3] *See* Status Quo Order, Dkt. No. 21.
[4] *See* Am. Status Quo Order, Dkt. No. 82 [hereinafter "Order"].

attached to this Letter Opinion. The litigants did not seek a preliminary injunctive relief hearing to supplement the Order, but were content to proceed to final relief.[5] Via the Order, the parties retained the right to seek amendments to the Order.[6]

Ms. Perryman, now *pro se*, filed an "Emergency Motion to Lift & Vacate the Status Quo Order" on March 29, 2022.[7] I denied that motion, instead staying the matter pending resolution of a purported criminal investigation of Ms. Perryman,[8] which according to the Plaintiff was stymieing efforts to depose Ms. Perryman.[9] However, I offered to proceed to an evidentiary hearing to reconsider the Order, during pendency of the stay, should Ms. Perryman request such a hearing by June 16, 2022.[10]

Instead, Ms. Perryman informed me that she intended to proceed to appellate review.[11] I declined to certify the matter, as explained in my Letter Opinion of June 9th.[12] In any event, Ms. Perryman did not file an interlocutory appeal. She has now

---

[5] *See, e.g.*, Stipulation and Order Governing Case Schedule, Dkt. No. 172 (scheduling trial rather than a preliminary injunction hearing).

[6] Order ¶ 13.

[7] Emergency Mot. to Lift & Vacate the Status Quo Order, Dkt. No. 455.

[8] *See* Tr. of 5.4.22 Telephonic Rulings of the Ct., Dkt. No. 488.

[9] *See* Mot. to Stay or for Adverse Inference, Dkt. No. 450.

[10] Letter Op. and Order, Dkt. No. 492.

[11] Letter dated June 14, 2022 from Def. Regarding Resp. to Letter Op., Dkt. No. 493.

[12] Letter Op. and Order, Dkt. No. 492.

filed what she styles an "Ex Parte Motion to Vacate the Status Quo Order."[13] The matter is fully briefed, and I address it here.[14]

Ms. Perryman notes that the Plaintiff is now in bankruptcy,[15] but does not explain how that circumstance makes the Order offensive to equity. She does argue, however, that the bankruptcy is part of a conspiracy to "cheat the equity holders,"[16] and that Ms. Perryman must have the ability to "expose" the conspiracy and other wrongdoing to "the DOJ, OIG, SEC and FDA," as well as the Bankruptcy Court.[17] Ms. Perryman wishes to be able to "testify" to the DOJ and other regulatory bodies concerning the conspiracy, as well as additional alleged wrongdoing, including knowing manufacturing by the Plaintiff of defective products and Medicare fraud.[18]

I have carefully reviewed the Order in light of Ms. Perryman's allegations. The Order provides, with respect to Ms. Perryman:

> 1) She shall not act on behalf of Stimwave, other than as a director;
> 2) She shall not obstruct company operations;
> 3) She shall not communicate that she controls or has the authority to speak for Stimwave or its subsidiaries;
> 4) She shall not enter Stimwave property without permission;
> 5) She shall not assert rights in property removed from and owned by Stimwave;

---

[13] Def. Perryman's Ex Parte Mot. to Vacate the Status Quo Order, Dkt. No. 497 [hereinafter "Perryman Mot."].

[14] To the extent Ms. Perryman's reply briefing asserts new grounds in support of her motion, those grounds are waived, and I do not address them here.

[15] *Id.* at 1.

[16] *Id.* at 2.

[17] *Id.* at 2–3.

[18] *Id.* at 8–12.

6) She shall not assert control over certain intellectual property;

7) She shall not destroy Stimwave information;

8) She shall not access or control Stimwave electronic information;

9) She shall yield control of the email domain and server to Stimwave;

10) She shall refrain from accessing the Stimwave bank accounts, credit cards and payment systems;

11) She shall use reasonable best efforts to assist Stimwave in regaining access to its bank accounts, credit cards and payment systems; and

12) She shall assist Stimwave's compliance with a specific loan security agreement.[19]

Nothing in Ms. Perryman's current motion suggests that circumstances have changed such that the Order should be revoked in its entirety, the relief she seeks, *or* that the Order should even be modified, pending resolution of this matter. I note that I lifted the stay of this action by order of July 7, 2022,[20] and the matter shall proceed to trial.

More to the point, the relief Ms. Perryman seeks—lifting the Order so that she may report to and testify before the Department of Justice, the Bankruptcy Court, and other regulatory bodies—is not necessary by the Order's own terms. For clarity, I find here that actions consistent with the preceding sentence are not a violation of any terms of the Order, and will not result in a finding of contempt of the Order. To the (unstated) extent that Ms. Perryman is concerned that reporting of accurate facts to, or testimony before, the DOJ, the courts or any regulatory body may violate the

---

[19] *See generally* Order.

[20] Letter Order, Dkt. No. 504.

4

directive in the Order that she not "obstruct" Stimwave's operations, such reporting or testimony is not obstruction and is not prohibited by the Order.

Accordingly, Ms. Perryman's motion is DENIED. To the extent anything in this Letter Opinion requires an Order to take effect, IT IS SO ORDERED.


Sincerely,


/s/ Sam Glasscock
Vice Chancellor Glasscock III

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

STIMWAVE TECHNOLOGIES )
INCORPORATED, a Delaware )
corporation, )
                         )
           Plaintiff, )
                         )
     v. )      C.A. No. 2019-1003-SG
                         )
LAURA TYLER PERRYMAN, GARY )
PERRYMAN, MICRON DEVICES )
LLC, a Delaware limited liability )
company, and STIMGUARD MEDICAL )
CORPORATION, a Delaware )
corporation, )
                         )
          Defendants. )

## AMENDED STATUS QUO ORDER[21]

WHEREAS, on December 16, 2019, plaintiff Stimwave Technologies Incorporated ("Plaintiff" or the "Company") filed a Verified Complaint against defendants Laura Tyler Perryman, Gary Perryman, Micron Devices LLC and Stimguard Medical Corporation (collectively, the "Defendants" and together with the Plaintiff, the "Parties");

---

[21] The title "Status Quo Order" is being used solely for convenience and shall not be used to construe or interpret any provision hereof, including the scope of the restraints imposed hereby on the Defendants and those acting under their direction, nor shall it be used to suggest or imply the imposition of any restraints upon the Company.

WHEREAS, on December 16, 2019, Plaintiff filed a Motion for Temporary Restraining Order (the "Motion") against Defendants;

WHEREAS, on December 17, 2019, the Court scheduled a hearing on the Motion for December 19, 2019, at 4:00 p.m. in Georgetown, Delaware;

WHEREAS, the Court heard the Parties on the Motion as scheduled on December 19, 2019; and

WHEREAS, the Parties agree to this Status Quo Order, which will remain in effect until the above-captioned action is dismissed or fully resolved by the Court, or the Status Quo Order is modified by the Court;

IT IS HEREBY ORDERED, this 5th day of February, 2020, that:

1. Defendants, and anyone acting at their direction, will not, unless otherwise requested in writing by the Company, take any action on behalf of StimQ Medical LLC, the Company or any subsidiary thereof, including, without limitation, Stimwave LLC, Stimwave Limited, Stimwave Medical PTY LTD, Freedom Neuromodulation LLC, Stimwave Freedom Neuro LLC, Freedom Neuro Cooperatief U.A., Freedom Neuro B.V., and StimRelieve LLC (each a "Subsidiary" and collectively, the "Subsidiaries"), beyond the scope of Laura Tyler Perryman's or Gary Perryman's authority as directors of the Company

2

(for so long as they are directors of the Company).

2. Defendants, and anyone acting at their direction, will not obstruct the operations of StimQ Medical LLC, the Company or any subsidiary thereof beyond the scope of Laura Tyler Perryman's or Gary Perryman's authority as directors of the Company (for so long as they are directors of the Company).

3. Defendants, and anyone acting at their direction, will not contact the employees, investors, suppliers, vendors, distributors, or other partners or counterparties (including landlords) of StimQ Medical LLC, the Company or any subsidiary thereof, or any governmental body, regulatory or administrative agency, non-governmental organization, or any other agency, association, organization, society or similar group (including any professional organization) (including, without limitation, the American Medical Association, ASIPP, NANS or similar professional societies), convey that: (i) Defendants have the authority to speak for StimQ Medical LLC, the Company or any subsidiary thereof; or (ii) are otherwise in control of StimQ Medical LLC, the Company or any subsidiary thereof, or make any statements purportedly in the name of or on behalf of StimQ Medical LLC, the

Company or any subsidiary thereof, without the prior written consent of the Board of Directors of the Company (the "Board") or any duly empowered committee thereof (any such committee, a "Committee"), which consent may be granted or withheld at the sole discretion of the Board or such Committee.

4. Defendants, and anyone acting at their direction, will not enter the Company premises without the prior written consent of the Board or any duly empowered Committee, which consent may be granted or withheld at the sole discretion of the Board or such Committee.

5. Defendants, and anyone acting at their direction, will not assert rights to or control over the items removed by Defendants and persons acting under their direction from the Company's premises on December 14, 2019, other than such items that are documented by Defendants to be personal effects that are not used in the business of the Company. Promptly after the entry of this Order, the Parties shall meet and confer to establish a process to resolve issues relating to the ownership and control of all such items.

6. Defendants, and anyone acting at their direction, will not assert control over the intellectual property listed in the Patent Assignment, dated

4

November 6, 2018, between Micron Devices LLC and the Company (the "Patent Assignment"). The Company will use reasonable best efforts to prosecute the patent applications associated with the Patent Assignment and will coordinate with Defendants regarding the manner of such prosecution.

7. Defendants, and anyone acting at their direction, will not delete, destroy, modify, encrypt, or otherwise take action that could affect or impede the Company's accessibility to any electronic or other information, documents, communications, systems, databases or other materials or items on the stimwave.com domain or, if maintained by Defendants, e-mail server or the items removed from the Company's premises on December 14, 2019, and any copies, duplicates, or other reproductions thereof.

8. Defendants, and anyone acting at their direction, will not access, without the prior written consent of the Board or any duly empowered Committee (which consent may be granted or withheld at the sole discretion of the Board or such Committee), and shall not exercise administrative control over, any of the servers, databases, information technology systems, software platforms or programs, or similar

electronic storage devices, programs, platforms or systems of StimQ Medical LLC, the Company or any subsidiary thereof and the Company shall be entitled to terminate any such administrative control possessed by Defendants.

9. Within two calendar days of entry of this Order, Defendants shall cause the stimwave.com domain and e-mail server and any and all related electronic or other information, documents, communications, systems, databases, or other materials or items and any copies, duplicates, or other reproductions thereof to be redirected to the Office 365 email server of the Company. The Company shall at all times ensure that Defendant Laura Tyler Perryman shall have user access, but not administrative access or control, to her laura@stimwave.com.

10. Defendants, and anyone acting at their direction will refrain from accessing all bank accounts of StimQ Medical LLC, the Company or any subsidiary thereof, all credit cards (or other means of credit or payment) held in the name of StimQ Medical LLC, the Company or any subsidiary thereof or paid directly by StimQ Medical LLC, the Company or any subsidiary thereof, the ADP payroll system StimQ Medical LLC, the Company or any subsidiary thereof, the Expensify

6

system used by StimQ Medical LLC, the Company or any subsidiary thereof, the MasterControl document management system, the DocuSign system used by StimQ Medical LLC, the Company or any subsidiary thereof, and all other systems of operations or controls used by StimQ Medical LLC, the Company or any subsidiary thereof; provided that Defendants shall be permitted to take an extraction copy of data and other materials from the Company's MasterControl document system (it being acknowledged and agreed that all such data and materials shall remain completely and fully intact and otherwise undisturbed on the Company's MasterControl document management system, without any modification, alteration or other change), such extraction copy process to be conducted by Master Control Inc. on or before 5:00 p.m. (EST) on January 15, 2019, at which time such right shall cease. The Company shall take no efforts to impede the transfer of such data or use of such system by the Defendants during such period for such purpose or otherwise instruct Master Control Inc. not to complete such copying process.

11. Within two business days of entry of this Order, Defendants shall (i) use reasonable best efforts to assist Regina Groves (and, at the

reasonable request of the Company, any other officer of the Company) in obtaining independent rights and access (including, without limitation, login credentials, administrator authority or similar rights or privileges of access and use) to all bank accounts of StimQ Medical LLC, the Company or any subsidiary thereof, all credit cards (or other means of credit or payment) held in the name of StimQ Medical LLC, the Company or any subsidiary thereof or paid directly by StimQ Medical LLC, the Company or any subsidiary thereof, the ADP payroll system of StimQ Medical LLC, the Company or any subsidiary thereof, the Expensify system used by StimQ Medical LLC, the Company or any subsidiary thereof, the Company's MasterControl document management system, the DocuSign system used by StimQ Medical LLC, the Company or any subsidiary thereof s, and all other systems of operations or controls used by StimQ Medical LLC, the Company or any subsidiary thereof on or prior to the date hereof, (ii) use reasonable best efforts to ensure that all of the foregoing have been duly and properly transferred to StimQ Medical LLC, the Company or any subsidiary thereof, as applicable, (iii) not interfere with or obstruct any efforts on the part of StimQ Medical LLC, the Company or any

8

subsidiary thereof, as applicable, to gain access or control to any of the foregoing, and (iv) relinquish all control of and access to such bank accounts, credit cards, and systems. Within two business days after independent control of the foregoing accounts, systems and controls has been delivered to it, the Company will use its reasonable best efforts to ensure that none of the services identified in this paragraph will be billed to the Defendants' credit cards or bank accounts.

12. Promptly (but in no event more than 24 hours) after a request in writing made by StimQ Medical LLC, the Company or any subsidiary thereof, Defendants shall use their reasonable best efforts to execute and deliver all agreements, documents and other instruments, and make or cause to be made all filings, as StimQ Medical LLC, the Company or any subsidiary thereof (acting with the consent of the Company) requests that are necessary for the Company to be compliant with the Perfection Certificate to the Loan Security Agreement, dated as of May 13, 2019 (the "Perfection Certificate"), by and between Kennedy Lewis Investment Management LLC and the Company, and otherwise use reasonable best efforts to ensure that the matters certified therein are true and correct.

13. The Parties reserve their rights to move the Court to amend this Status Quo Order, including, but not limited to amendments necessary to ensure compliance with the Status Quo Order and amendments necessary to incorporate further relief as reserved by the Parties. Nothing in this Order implies a judicial determination of ownership or control of any particular entity by any particular party.

/s/Sam Glasscock III
The Honorable Sam Glasscock III